UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 3:21-CV-00976

| | |
|---|---|
| JERRY MURRAY,<br><br>          Plaintiff,<br>v.<br><br>MAYO CLINIC FLORIDA,<br><br>and<br><br>ARSTRAT, LLC<br><br>and<br><br>D.S. ERICKSON & ASSOCIATES, PLLC,<br><br>          Defendants. | <u>**COMPLAINT**</u><br><br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff, JERRY MURRAY (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, sues Defendants, MAYO CLINIC FLORIDA, a non profit corporation ("Mayo Clinic") and ARSTRAT, LLC ("Arstrat") and D.S. ERICKSON & ASSOCIATES, PLLC ("D.S. Erickson") and alleges the following upon information and belief based on personal knowledge:

## INTRODUCTION

1. This case arises from the illegal actions of Defendant Mayo Clinic in knowingly and/or willfully contacting Plaintiff when represented by counsel, in disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact, and in attempting to enforce a debt

-1-

when Mayo Clinic knows that the debt is not legitimate in violation of the Florida Consumer Collection Practices Act, FLA. STAT § 559 *et seq.* ("FCCPA"), and for illegal actions by debt collectors, Arstrat and D.S. Erickson, in attempting to collect a debt with constructive knowledge that the debt is not legitimate due to the pending Workers Compensation matter in violation of the FCCPA and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, ("FDCPA").

2. The FCCPA was enacted to be an extension and supplement to the FDCPA. The Florida Legislature specifically stated that that nothing in the FCCPA was to be interpreted as limiting or restricting the applicability of the FDCPA. The legislature also stated "in the event of any inconsistency between any provision of this part [FCCPA] and any provision of the federal act [FDCPA], the provision which is more protective of the consumer or debtor shall prevail." See. Fla. Stat 559.552 Relationship of state and federal law.—Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.

3. The FDCPA likewise states that no portion of a state law shall be deemed inconsistent with the FDCPA as long as the state law affords any consumer greater protection than provided for by the FDCPA. See 15 U.S. Code § 1692n.

## GENERAL ALLEGATIONS

4. Plaintiff JERRY MURRAY is a natural person who resides in Jacksonville, Florida, and is a "consumer" as that term is defined by the FCCPA who formerly resided in Miami-Dade County Florida.

5. The alleged consumer debt is the subject of a workers' compensation matter that is easily found when searching the public record.

6. Defendant Mayo Clinic is a "creditor" as the term is defined by the FCCPA. Defendant provides services from several locations in the Jacksonville, Florida area, but conducts debt collections activities through U.S. Mail and electronic mail.

7. Defendant Arstrat is a "debt collector" as the term is defined by the FDCPA and the FCCPA, and regularly conducts debt collection activities through the U.S. mail and is registered with the Florida Office of Financial Regulation as a collection agency.

8. Defendant D.S Erickson is a "debt collector" as the term is defined by the FDCPA and the FCCPA, and regularly conducts debt collection activities through the U.S. mail and is registered with the Florida Office of Financial Regulation as a collection agency.

9. Plaintiff is informed and believes and upon such information and belief alleges Mayo Clinic, Arstrat and D.S. Erickson are corporate entities that continuously and systematically engage in the business of collecting debts from within the State

of Florida and in the United States.

10. As collectors of consumer debt, each must show by a preponderance of the evidence that it maintained procedures reasonably adapted to avoid an error in the collection of the consumer debt pursuant to the FCCPA.

11. As collectors of consumer debt, Arstrat and D.S. Erickson should have systems in place to determine if the medical debt is disputed by the consumer when beginning the debt collection process.

12. When operating as a collector of medical consumer debt, a debt collector should reasonably adapt procedures to check the debt for status of disputed claims, and workers compensation claims which are available and easily found in the public record or in the records of the creditor.

13. Any allegations about acts of any corporate or other business Defendants means that the corporation or other businesses did the alleged acts through its officers, directors, employees, agents, and/or representatives, while they were acting within the actual or ostensible scope of their authority.

## FACTUAL ALLEGATIONS

14. On or about January 29, 2020 Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by Fla. Stat. § 559.55(6) namely a personal medical debt.

15. The medical debt is the subject of a workers' compensation matter ("WC Matter") that determined Plaintiff's need for continuing treatment and that he is partially and wholly disabled. Treatment for the disability related injuries is therefore the

responsibility of the carrier, Miami-Dade County Risk Management Division ("WC Carrier") located in Miami, Florida. See OJCC Case Number 02-016368ERA, JERRY S. MURRAY vs. MIAMI DADE TRANSIT AUTHORITY, https://www.jcc.state.fl.us/JCC/searchJCC/case.asp?CaseID=278822&caseYr=02&caseNum=016368.

16. Plaintiff is represented by the law firm De Cardenas, Freixas, Stein & Zachary, P.A. (hereinafter referred to as "WC Counsel") located in Miami, Florida for the WC Matter.

17. The services provided by the Mayo Clinic on January 29, 2020, were initially coordinated and scheduled in accordance with the procedures set forth by the workers' compensation carrier ("WC Carrier") and have been consistently provided for approximately five years.

18. Plaintiff attends multiple appointments at the Center for Sleep Medicine multiple times throughout the year as a part of his workers' compensation treatment plan.

19. Each of the other appointments have been properly billed to the WC carrier.

20. Despite having knowledge that the medical bill was subject to the workers' compensation matter billing requirements, Mayo Clinic began attempting to collect the debt from Plaintiff directly in 2020.

21. When Plaintiff began receiving bills from Mayo Clinic, Plaintiff advised Mayo Clinic that the medical debt was to be billed to the Carrier, Mayo Clinic continued to attempt to collect the debt from Plaintiff.

22. In response, Plaintiff's WC Counsel notified Mayo Clinic in writing on July 31, 2020

and September 21, 2020 to cease and desist collection efforts with Plaintiff and directed Mayo Clinic to the appropriate entity for collection. See cease and desist letters attached hereto as "Composite Exhibit A".

23. Despite resubmission of the WC's Carrier information, and of representation by legal counsel, Mayo Clinic sent collection letters to Plaintiff on or about October 7, 2020, December 30, 2020, January 27, 2021, February 4, 2021 and February 24, 2021 respectively. See attached collection letters attached as "Composite Exhibit B".

24. The communications contained in Composite Exhibit are "communications" as defined by Fla. Stat. § 559.55(2).

25. Thereafter, Mayo Clinic disclosed information concerning the medical debt known to be reasonably disputed by the Plaintiff without disclosing that fact in violation of Fla. Stat. 559.72(6). Specifically, Mayo Clinic sent the debt to collection agencies, Arstrat and D.S Erickson and designated the debt as a bad debt for debt collection purposes.

26. Due in part to Mayo Clinic's violation, Arstrat and D.S. Ericskon, sent additional dunning letter(s) to Plaintiff in an attempt to collect the debt.

27. Arstrat and D.S. Erickson failed to implement or maintain procedures to reasonably prevent errors in debt collection, such as reviewing the patient file to determine if the matter is disputed or if it is the subject of a WC claim, or to determine if the account is owed by a third party such as an insurance carrier or WC carrier.

28. On March 8, 2021, Arstrat sent a communication attempting to collect the WC medical debt from Plaintiff.

29. In its communications, Arstrat advised Plaintiff it would verify the debt upon request.

30. Plaintiff sent a request for verification, but Arstrat never responded and instead continued to send a second communication to collect the wc medical debt on April 27, 2021.

31. Thereafter, Mayo Clinic or Arstrat, or both, sent Plaintiff's WC medical debt to D.S. Erickson for collections.

32. On June 28, 2021, D.S. Erickson sent a communication attempting to collect the WC medical debt to Plaintiff without attempting to verify if the account was disputed, was owed by a third party insurer or was the subject of a WC matter.

33. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home and workplace.

## JURISDICTION AND VENUE

34. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the FDCPA.

35. This Court has supplemental jurisdiction over the Defendants' violations of the Florida Consumer Collection Practices Act, FLA. STAT § 559 *et seq.* ("FCCPA").

36. Title 28, Section 1391(b)(1) provides that "a civil action may be brought in a jurisdiction in which any defendant resides, if all defendants are residents of the State in which the district is located. Title 28, Section 1391(c)(2) provides that "[f]or all venue purposes an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil-action in question…."

37. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district and because pursuant to Section 1391(c)(2), is deemed to reside in any judicial district in which Defendant, Mayo Clinic, is subject to the court's personal jurisdiction with respect to the civil-action in question…"

38. Defendant, Mayo Clinic, has engaged in collection activities in multiple districts throughout the State of Florida including mailing and emailing collection letters, and is subject to the Court's personal jurisdiction in the Middle District of Florida where its facility is located and where the medical visit took place.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT §§ 559.72(5)(6)(9)&(18) *et seq.* FCCPA

40. Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint as though fully stated herein.

41. Defendants' foregoing acts against Plaintiff constitute violations of the Florida Consumer Collections Practices (FCCPA) Act FLA. STAT. § 559 et seq.

42. These violations of the Florida Consumer Collections Practices Act were willful as set forth above.

43. The FCCPA prohibits a debt collector from claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. See Fla. Stat. §559.72(9). Here, Defendant, Mayo Clinic, repeatedly sent communications to Plaintiff for a debt Plaintiff does not owe and for which it was not authorized to collect from Plaintiff as it is the subject of a workers' compensation claim to be billed to and paid by the carrier.

44. In addition, the FCCPA prohibits a creditor or debt collector from communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address … See Fla. Stat. §559.72(18).

45. Here, Mayo Clinic, repeatedly and/or continuously sent collection letters to Plaintiff for a debt Plaintiff does not owe and for which it was not authorized to

collect, despite receiving cease and desist letters from Counsel with the attorney's name, address and phone numbers. Moreover, Plaintiff advised of WC legal representation when attending his visit at the Mayo Clinic.

46. Defendant Mayo Clinic further violated the FCCPA when it disclosed information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact to its third party agents, Arstrat and D.S. Erickson, in violation of Fla. Stat. 559.72(6).

47. Defendant, Mayo Clinic, further violated the FCCPA when, by and through its third party agents, Arstrat and D.S. Erickson, disclosed information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the information is false, as the Plaintiff was not delinquent regarding the debt owed by his carrier.

48. Defendant Arstrat had notice that the debt was the subject of a workers' compensation matter pursuant to the public records found at https://www.jcc.state.fl.us/JCC/searchJCC/case.asp?CaseID=278822&caseYr=02&caseNum=016368.

49. Defendant D.S. Erickson had notice that the debt was the subject of a workers' compensation matter pursuant to the public records found https://www.jcc.state.fl.us/JCC/searchJCC/case.asp?CaseID=278822&caseYr=02&caseNum=016368.

50. As a result of Arstrat's violations of Fla. Stat. § 559.72, Plaintiff is entitled to actual damages and for additional statutory damages for the aforementioned violations

of the FCCPA in the amount up to $1000.00 together with court costs and reasonable attorney's fees incurred by the Plaintiff pursuant to Fla. Stat. § 559.77(2).

51. As a result of D.S. Erickson's violations of Fla. Stat. § 559.72, Plaintiff is entitled to actual damages and for additional statutory damages for the aforementioned violations of the FCCPA in the amount up to $1000.00 together with court costs and reasonable attorney's fees incurred by the Plaintiff pursuant to Fla. Stat. § 559.77(2).

52. As a result of Defendants' (Mayo Clinic, Arstrat, and D.S. Erickson) violations of Fla. Stat. § 559.72, Plaintiff is entitled to actual damages and for additional statutory damages for the aforementioned violations of the FCCPA in the amount up to $1000.00 together with court costs and reasonable attorney's fees incurred by the Plaintiff pursuant to Fla. Stat. § 559.77(2).

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.* FDCPA

53. Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint as though fully stated herein.

54. Defendants Arstrat and D.S. Erickson failed to implement and maintain procedures to obtain information regarding the status of a debt before beginning debt collection efforts, such as if the debt is disputed and for medical debts, if the debt is the subject of a WC matter.

55. Due to Defendants' (Arstrat and D.S. Erickson) failure to implement and maintain

procedures reasonably adapted to avoid errors in the collection of consumer debts, Defendants collected debts that were.

56. Here the Plaintiffs medical debt was both disputed and was the subject of a WC matter. As such, the amount was not expressly authorized by any agreement creating the debt and was not permitted by law.  *See* 15 U.S. Code § 1692f(1).

57. As a result of Defendants' (Arstrat and D.S. Erickson) violations of 15 U.S.C. § 1692 et seq., Plaintiff is entitled to actual damages and for additional statutory damages for the aforementioned violations of the FDCPA in the amount up to $1000.00 together with court costs and reasonable attorney's fees incurred by the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

a. Judgment against Mayo Clinic for statutory damages of $1,000.00 pursuant to FLA. STAT. § 559.77(2) for violations of FLA. STAT § 559.72(5)(6)(9) and (18).

b. Judgment against Arstrat for statutory damages of $1,000.00. pursuant to FLA. STAT. § 559.77(2) for violations of FLA. STAT § 559.72(5)(6)(9) and (18) and for statutory damages of $1,000.00 pursuant to the 15 U.S.C. § 1692k.

c. Judgment against D.S. Erickson for statutory damages of $1,000.00 pursuant to FLA. STAT. § 559.77(2) for violations of FLA. STAT § 559.72(5)(6)(9) and (18) and for statutory damages of $1,000.00 pursuant to the 15 U.S.C. § 1692k.

d. An award of reasonable attorney's fees and costs.

e. For such other legal and/or equitable relief as the Court deems just.

Dated: September 29, 2021.

-13-

        Respectfully submitted,

        */s/ Jessica Kerr, Esq.*
        FBN: 92810
        The Advocacy Group
        Attorney for Plaintiff
        100 S. Biscayne Blvd. Ste 300
        Miami, FL 33131
        Telephone.(954)282-1858
        Email: jkerr@advocacypa.com
        Email 2: service@advocacypa.com